# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>$53,743.00 in U.S. Currency,<br><br>                     Defendant. | CV-17-43-GF-BMM<br><br><br>**MEMORANDUM<br>AND ORDER** |

## INTRODUCTION

Plaintiff United States of America brought this action to forfeit $53,743.00 in United States currency. The currency was seized during a traffic stop on the Fort Belknap Indian Reservation. The Government alleges that the currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), because it "was furnished or intended to be furnished in exchange for a controlled substance" or was "used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, et seq." (Doc. 1 at 13).

Presently before the Court is Claimant Vanessa Camper's (Camper's) motion to dismiss. Camper seeks an order to dismiss the Government's Verified Complaint under Federal Rule of Civil Procedure 12(b)(6). The Court conducted a hearing on the motion on November 13, 2017.

## BACKGROUND

The Government's Verified Complaint alleges that Fort Belknap Tribal Law Enforcement Officer Lex Helgeson initiated a traffic stop of a 1979 Cadillac on July 29, 2016, on the Fort Belknap Indian Reservation. Officer Helgeson stopped the Cadillac for speeding. The Cadillac had a North Dakota temporary license plate. The Cadillac was occupied by four individuals. Torrell Camper was the driver. Torrell had a suspended Washington State driver's license at the time of the traffic stop. Camper was a passenger. Camper is Torrell's mother.

Blaine County Deputy Sheriff Chris Adair assisted on the traffic stop. Deputy Adair conducted a search of the Cadillac with Torrell's permission. Deputy Adair discovered a locked backpack and two locked duffel bags in the trunk of the Cadillac. The locked backpack contained a set of brass knuckles, $53,743.00 in United States currency, and a pill bottle with one gram of marijuana. The cash was in small denominations. The cash was bundled in $1,000 increments with rubber bands.

One of the duffel bags contained four firearms and multiple cans of ammunition. The four firearms included a loaded AR-15 style semi-automatic .22 caliber rifle, a loaded .40 caliber semi-automatic pistol, a .44 caliber pistol with two loaded speed loaders, and a loaded 9mm semi-automatic pistol. The second

duffel bag contained two bottles of prescription liquid oxycodone that had been prescribed to a person who was not an occupant of the Cadillac.

Deputy Adair found two cell phones in the Cadillac. Torrell consented to a search of the cell phones. The cell phones contained numerous text messages. Some of the text messages appeared to relate to illegal drug activity. The cell phones also contained photographs of Torrell with currency and a significant quantity of pharmaceutical tablets. The pharmaceutical tablets appeared to be 30 mg tablets of oxycodone.

Deputy Adair found three bank deposit slips in the Cadillac. The deposit slips showed that Torrell had made three recent deposits of $5,000 in various banks in Minot, North Dakota. Torrell had deposited cash in mixed denominations from $1 bills to $100 bills.

The law enforcement officers interviewed Torrell. Torrell told the law enforcement officers that he made frequent trips from the Seattle, Washington area to Minot, North Dakota to visit friends. The friends included Curtis Wells. Further investigation by the law enforcement officers revealed that Mr. Wells was a known distributor of controlled substances in North Dakota. Mr. Wells has a 2014 conviction in North Dakota for the distribution of oxycodone and hydrocodone.

## DISCUSSION

Camper argues that the Government's Verified Complaint should be dismissed because it fails to state a claim upon which relief may be granted. Camper argues that the Complaint is defective because it fails to show that the Government had "probable cause to institute [the] forfeiture action." (Doc. 17 at 4). Camper argues that the Complaint lacks probable cause because it fails to show how the $53,743.00 seized by the Government "related to an illegal drug transaction." *Id*.

The Government argues that Camper's motion to dismiss should be denied because it is not required to make a showing of probable cause at the pleading stage of a civil forfeiture action. The Government argues that its Complaint satisfies the pleading requirements for a civil forfeiture action.

Civil forfeiture actions are governed by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules). *See United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015). Supplemental Rule G(2)(f) governs the sufficiency requirement for a civil forfeiture complaint. Supplemental Rule G(2)(f) requires that a civil forfeiture complaint "state sufficiently detailed

facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).

The Government's burden of proof at trial is described in 18 U.S.C. § 983(c)(1) and (3). The Government must prove, by a preponderance of evidence, that a "substantial connection" exists between the seized currency and an illegal drug transaction. 18 U.S.C. § 983(c)(1) and (3). A civil forfeiture complaint proves sufficient for pleading purposes, if the complaint, read in the light most favorable to the government, alleges facts that would support a reasonable belief that the seized currency was more likely than not connected to an illegal drug transaction. *See United States v. $50,040 in U.S. Currency*, 2007 WL 1176631 *4 (N.D. Cal. 2007), *citing United States v. Mondragon*, 313 F.3d 862, 866-67 (4th Cir. 2002).

The Government is not required to show, at the pleading stage, that probable cause exists to seize the subject currency. The probable cause standard described by the Ninth Circuit in *United States v. $493,850 in U.S. Currency*, 518 F.3d 1159, 1167-69 (9th Cir. 2008), applies at the summary judgment level. *See United States v. Approximately $158,000 in U.S. Currency*, 2013 WL 1091395 *4 (E.D. Cal. 2013).

The Verified Complaint in this case alleges facts sufficient to form a reasonable belief that the $53,743.00 seized from the trunk of the Cadillac was more likely than not connected to an illegal drug transaction. The Complaint alleges that the currency was found in a locked backpack in the trunk of the Cadillac. Active concealment of a large amount of currency in a garment bag supports a connection to illegal drugs. *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1236 (9th Cir. 1988).

The Complaint alleges that the currency was in small denominations, and bundled in $1,000 increments with rubber bands. Cash in small denominations bundled by rubber bands supports a connection to illegal drug trafficking. *United States v. $242,484.00*, 389 F.3d 1149, 1161-62 (11th Cir. 2004).

The Complaint alleges that the currency was located near a locked duffel bag that contained loaded semi-automatic weapons. Firearms are generally recognized as "tools of the trade of those engaged in illegal drug activities and are highly probative in proving criminal intent." *United States v. Martinez*, 808 F.2d 1050, 1057 (5th Cir. 1987).

The Complaint alleges that a second locked duffel bag in the trunk contained two bottles of prescription liquid oxycodone in the name of a person who was not a passenger in the Cadillac. The Complaint alleges that cell phones belonging to

Torrell contained both text messages that appeared to be drug related, and photographs of Torrell with currency and bulk quantities of pharmaceutical tablets. The Complaint further alleges that Torrell admitted being an associate of Curtis Wells, a known distributor of illegal drugs with a 2014 felony drug conviction in North Dakota.

The Government's Complaint satisfies the pleading requirements for a civil forfeiture action.

Accordingly, IT IS ORDERED:

Claimant Camper's Motion to Dismiss (Doc. 17) is DENIED.

DATED this 12th day of December, 2017.

Brian Morris
United States District Court Judge